1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10   SLEP-TONE ENTERTAINMENT
CORPORATION,

11            Plaintiff,

12   v.

13   ELLIS ISLAND CASINO & BREWERY,
*et al.*,

14            Defendants.

15

Case No. 2:12-CV-00239-KJD-NJK

**ORDER**

16

17          Before the Court is the Motion to Sever (#68) by Defendants Golden Tavern Group, LLC,

18   Golden-PT's Cheyenne-Nellis 5, LLC, Golden-PT's Pub Centennial 32, LLC, Golden-PT's Pub

19   Stewart Nellis 2, LLC, Golden-PT's Pub West Sahara 8, LLC, PT's Gold, PT's Place, and PT's Pub

20   (PT's Defendants).  Plaintiff has filed a response (#75) and PT's Defendants have filed a reply (#77)

21   I. Background

22          Plaintiff Slep-Tone is the manufacturer and distributor of karaoke accompaniment tracks sold

23   under the name "Sound Choice." Slep-Tone owns federal trademark registrations for the "Sound

24   Choice" word mark  and the "Sound Choice"  design mark (the "Sound Choice Marks").

25          Entertainers who provide karaoke services in bars, restaurants, and other venues are known

26

1   as karaoke jockeys ("KJs").  KJs typically provide the karaoke music and necessary equipment.

2   They also provide entertainment, and organize the karaoke show by controlling access to the stage,

3   set the order of performance, and operate the karaoke equipment.  KJs typically maintain a catalog of

4   music available for performance from which participants select a song to sing.  Plaintiff alleges that

5   the KJs named in its complaint have illegally copied or converted its karaoke tracks and have

6   violated its trademarks by using tracks that display the Sound Choice Marks in their karaoke shows.

7         Plaintiff further alleges that the various venues named in the complaint "can enjoy significant

8   savings by turning a blind eye to the actions of the illegitimate KJs they hire" and "[t]hese venues

9   benefit from piracy because unfair competition from pirate KJs pressures legitimate KJs to accept

10  lower compensation from the venues to obtain new business or retain old business.  By decreasing

11  the fixed cost of entertainment, the Defendants' operations become more profitable."

12        On February 15, 2012, Plaintiff filed this action, by suing over 90[1] separately named

13  defendants, including KJs, venues, and associated corporate entities (collectively "Defendants").

14  Plaintiff claims trademark infringement and violations of the Lanham Act.  Plaintiff has filed a

15  number of similar cases in other jurisdictions across the country.

16  II.  Discussion

17        A. Legal Standard for Joinder and Misjoinder

18        Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that "[p]ersons . . . may be

19  joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally,

20  or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

21  transactions or occurrences; and (B) any questions of law or fact common to all plaintiffs will arise in

22  the action."  Rule 21 further provides that on motion, or on its own, the court may at any time, on just

23  terms, add or drop a party. The court may also sever any claim against a party.

24

---

25        [1] A number of Defendants have been removed from this case since its inception.  Plaintiff failed to serve many
    of the named Defendants and they were dismissed from this action pursuant to Rule 4(m).  Others were dismissed when
26  Plaintiff failed to oppose motions to dismiss.

1    In order for joinder to be proper under Rule 20(a), both requirements of the rule must be

2  satisfied.  League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th

3  Cir.1977); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997).  Rule 20 "is to be construed

4  liberally in order to promote trial convenience and to expedite the final determination of disputes,

5  thereby preventing multiple lawsuits." League to Save Lake Tahoe, 558 F.2d at 917 (9th Cir.1977),

6  citing Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir.1974).

7    B.  Same Transaction or Occurrence

8    The Ninth Circuit has interpreted the phrase "the same transaction, occurrence, or series of

9  transactions or occurrences" to require "a degree of factual commonality underlying the claims,"

10  which typically means that a plaintiff "must assert rights . . . that arise from related activities." WiAV

11  Networks, LLC v. 3Com Corp., 2010 WL 3895047, at *1 (N.D.Cal. Oct.1, 2010) (citing Coughlin,

12  130 F.3d at1350)).  There is no binding Ninth Circuit authority on when joinder is appropriate in a

13  trademark case where the plaintiff sues divergent defendants for infringing the same trademarks.

14  District courts in the Ninth Circuit that have considered similar trademark and patent cases largely

15  find joinder inappropriate. See Id., (finding severance proper in a patent infringement suit brought

16  against 40 unrelated defendants with unrelated products); Golden Scorpio Corp. v. Steel Horse Bar &

17  Grill, 596 F.Supp.2d 1282, 1285 (D.Ariz.2009) (finding that plaintiff's infringement claims did not

18  arise out of same transaction where defendants were alleged to have acted independently in

19  infringing the same trademark); San Francisco Tech., Inc. v. The Glad Prods. Co., No., 2010 WL

20  2943537, at *5 (N.D.Cal. July 26, 2010).

21    District courts in this circuit have unambiguously held that under Ninth Circuit law, a logical

22  relationship requires more than a "nucleus of operative facts or law" and that reliance on cases so

23  interpreting Rule 20 "would be misplaced." Interval Licensing, LLC v. AOL, Inc., 2011 WL

24  1655713, *2 (W.D.Wash. 2011) (distinguishing Ninth Circuit law from the law applied in MyMail,

25  Ltd. v. America Online, Inc., 223 F.R.D. 455 (E.D.Tex. 2004)).

26

3

1    The PT's Defendants argue that the only connection between Defendants alleged by Plaintiff

2  is that they all infringed on the same trademark.  According to the PT's Defendants, this tenuous

3  connection is not sufficient to satisfy Rule 20's  "same transaction, occurrence, or series of

4  transactions or occurrences" requirement.  The PT's Defendants cite Slep-Tone Entertainment Corp.

5  v. Mainville, 2011 WL 4713230, (W.D.N.C. October 6, 2011).  In that case, Plaintiff sued three KJs

6  and asserted almost identical claims. The KJs moved to sever and the Court granted the motion,

7  holding that "[a]lthough each Defendant allegedly infringed upon the same trademark, each

8  Defendant allegedly did so separately, in time and place, from the other Defendants with no

9  knowledge that the other Defendants were also engaged in any alleged infringement of their own."

10  Id. at *4.

11    Plaintiff argues that its claims arise out of a "systematic pattern of events which have a

12  definite logical relationship."  In support of this argument, Plaintiff cites  Waterfall Homeowners

13  Ass'n v. Viega, Inc., 279 F.R.D. 586 (D.Nev. 2012).  In Waterfall, the plaintiff asserted property

14  damage claims against two independent product suppliers who allegedly supplied defective plumbing

15  fixtures to a single housing development.  Magistrate Judge Foley declined to sever the defendants,

16  even though they did not act in concert and had no contractual relationship.  Examining product

17  defect cases, Judge Foley adopted a definition of "transaction or occurrence" that focuses on the

18  logical relationship between the claims, rather than absolute identity of all events. Id. (citing Mosley

19  v. General Motors Corp., 497 F.2d 1330 (8th Cir.1974)).  However, Judge Foley found a logical

20  relationship because the fittings "were installed in the same residential development project and

21  Defendants are being jointly sued by the Homeowners Association of that development for the

22  damages caused to their members."

23    Unlike the single housing development affected by the actions of two suppliers in Waterfall,

24  the conduct in this case allegedly involved many different, totally unrelated venues and KJs.  Like the

25  Mainville defendants, the only relationship between the KJ Defendants is that they allegedly violated

26  the same trademark.  The claims in this case do not arise from related activities and are made against

4

1    separate, competing entities.  Under Ninth Circuit law, this is not sufficient to establish a logical

2    relationship which satisfies Rule 20's "same transaction or occurrence" requirement.  Accordingly,

3    the Court finds that Defendants do not meet the requirements for permissive joinder in Rule

4    20(a)(2)(A).

5         C.  Common Questions of Law or Fact

6         Each case of trademark infringement must be analyzed based on its own facts.  J. B. Williams

7    Inc. v. Le Contee Cosmetics, 523 F.2d 187, 191 (9th Cir. 1975). As indicated previously, each

8    alleged act of infringement took place at different times and places, and involved different KJs and

9    venues.  The factual questions surrounding the alleged infringement are not common.

10        Further, "[t]he mere fact that all claims arise under the same general law does not necessarily

11   establish a common question of law or fact."  Coughlin, 130 F.3d at 1351.  Although all Defendants

12   are being sued under the Lanham Act, the KJ Defendants are presumably sued under a theory of

13   direct infringement, while the venue Defendants are sued under a theory of contributory or vicarious

14   infringement.  The elements and proof required differs for each of these theories of liability and the

15   effect of the different relationships between the KJs an the various venues will create distinct

16   questions of fact.[2]  Accordingly, the Court finds that Defendants do not meet the "common question

17   of law or fact" requirement for permissive joinder under Rule 20(a)(2)(B).

18        D. Severance

19        In addition to the foregoing, the Court finds that joinder would not facilitate judicial economy

20   because the allocation of judicial resources is dependant on statistics which assume that distinct and

21   separate actions will be filed separately.  Further, allowing joinder could present prejudice to the

22   individual Defendants since their defenses against this action involve separate proof and legal

23   questions.  Accordingly, the Court finds joinder improper.

24

25        [2] In Mainville, the court found that severance was appropriate even though that case named only Kjs and did not
     name any venues.  The fact that Plaintiffs have combined KJs and venues into one suit is even stronger indication of
26   misjoinder.

5

1    Plaintiff's case may proceed only against the first named Defendant Ellis Island Casino &

2   Brewery and its associated entity, Defendant Fame Operating Company, as well as any KJs that

3   Plaintiff alleges to have performed at venues owed by the first named Defendants.  Every other

4   Defendant is severed from this action.  If Plaintiff wishes to proceed against any Defendant severed

5   from this action, including Defendants that were dismissed without prejudice,[3] it must file a new and

6   separate action on or before March 1, 2013.  Each case by Plaintiff against a Defendant severed from

7   this action will be assigned a new case number and proceed separately before this Court.  These cases

8   will be consolidated for purposes of discovery.  Consistent with 28 U.S.C. § 1914(a), Plaintiff is

9   ordered to pay a filing fee for each newly opened case at the time it files the complaint in each action.

10  Plaintiff may name related corporate entities as Defendants in the same case.  Plaintiff may also

11  name KJs and the venues at which they worked in the same case.  All motions pending against

12  severed Defendants are terminated without prejudice and may be re-filed in the new case.

13    Plaintiff is ordered to list this case and any related cases on Section VIII of the Civil Cover

14  Sheet, and to note that the newly filed case should be assigned to Judge Dawson pursuant to this

15  Order.  Plaintiff is further ordered to attach a copy of this Order as an exhibit to each complaint.

16  III. Conclusion

17    **IT IS HEREBY ORDERED** that the PT's Defendants' Motion to Sever (#68) is

18  **GRANTED**.

19    **IT IS FURTHER ORDERED** that all parties other than Defendant Ellis Island Casino &

20  Brewery and its associated entity, Defendant Fame Operating Company are **SEVERED**.

21    **IT IS FURTHER ORDERED** that the pending motions in this case related to severed

22  parties are **TERMINATED** without prejudice.

23

24

25

26    [3] This includes Defendants dismissed pursuant to the Court's May 4, 2012, and May 21, 2012 Orders (## 55, 73).

6

1    **IS FURTHER ORDERED** that if Plaintiff wishes to proceed against any Defendant severed

2  from this action, including Defendants that were dismissed without prejudice, it must file a new and

3  separate action, consistent with this order, on or before March 1, 2013.

4         DATED this 11th day of February 2013.

5

6

7    _____

    Kent J. Dawson
8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26